KAREN P. HEWITT
United States Attorney
PETER J. MAZZA
Assistant U.S. Attorney
California State Bar No. 239918
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5528
Peter.Mazza@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDUARDO RAMOS-ROMAN,<br><br>Defendant. | CASE NO. 08CR0983-JLS<br><br>DATE: May 9, 2008<br>TIME: 9:00 a.m.<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY AND FINGERPRINT EXEMPLARS |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Peter J. Mazza, Assistant United States Attorney, and hereby files its motions for reciprocal discovery and for fingerprint exemplars. Said motions are based upon the files and records of this case, together with the attached statement of facts and accompanying memorandum of points and authorities.

//

//

## I

## STATEMENT OF THE CASE

### A. THE CHARGE

On March 31, 2008, a grand jury sitting in the Southern District of California returned a single count Indictment charging Defendant with deported alien found in the United States in violation of 8 U.S.C. § 1326(a). On April 1, 2008, Defendant was arraigned on the Indictment.

### B. STATUS OF DISCOVERY

On March 10, 2008, the Government made approximately 40 pages of written discovery and one dvd available to defendant. The documents, photographs, and dvd which have been produced constitute all discoverable material that the Government has to date, and includes, inter alia: (1) investigative reports; (2) Defendant's criminal history; (3) prior conviction documents; (4) immigration history; and (5) Defendant's post-arrest statement.

## II

## STATEMENT OF FACTS

### A. March 2, 2008

On March 2, 2008, at approximately 11:15 p.m., United States Border Patrol (USBP) Agent Clint Headlee responded to a seismic intrusion device located approximately one-half mile north of the Tecate, California Port of Entry and just west of California State Route 188 in Tecate, California. Shortly thereafter, Agent Headlee located four individuals attempting to conceal themselves in brush. One individual absconded once Agent Headlee arrived. Agent Headlee questioned the remaining three individuals, however. All three, including Defendant, admitted they were citizens of Mexico without

any legal authorization to enter or remain legally in the United States. Agent Headlee transported them to the USBP Brownfield Patrol Station.

At the station, Defendant's biographical information was entered into the computer system. His records reflected several prior deportations and a criminal history.

At approximately 3:20 a.m., agents informed Defendant of his Miranda rights. Defendant acknowledged that he understood his rights, and invoked his right to counsel.

**B. Immigration History**

An immigration judge ordered Defendant deported from the United States to Guatamala on June 4, 1984. Defendant was again removed or deported on July 19, 2000 and on July 11, 2007. On both occasions, officials removed Defendant to Guatamala.

**C. Criminal History**

A review of Defendant's criminal history indicates that he has four prior convictions: (1) April 13, 1984 rape by fear or force; (2) February 9, 1995 vandalism (misd); (3) May 25, 2000 theft (misd); and (4) June 13, 2007 assault with a deadly weapon – domestic violence (misd).

**III**

**GOVERNMENT'S MOTIONS**

**A. Reciprocal Discovery**

**1. Rule 16(b)**

The United States, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, requests that Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions

thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which Defendant intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness. Because the United States has complied with Defendant's request for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The United States also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

**2. RULE 26.2**

Rule 26.2 of the Federal Rules of Criminal Procedure requires the production of prior statements of all witnesses, except a statement made by Defendant. This rule thus provides for the reciprocal production of Jencks statements.

The time frame established by the rule requires the statement to be provided after the witness has testified. To expedite trial proceedings, the United States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized,

including but not limited to, tape recordings, handwritten or typed notes and/or reports.

**B. Fingerprint Exemplars**

The Government requests that Defendant be ordered to make himself available for fingerprint exemplars at a time and place convenient to the Government's fingerprint expert. See United States v. Kloepper, 725 F. Supp. 638, 640 (D. Mass. 1989) (the District Court has "inherent authority" to order a defendant to provide handwriting exemplars, fingerprints, and palmprints). Since the fingerprint exemplars are sought for the sole purpose of proving Defendant's identity, rather for than investigatory purposes, the Fourth Amendment is not implicated. The Ninth Circuit in United States v. Ortiz-Hernandez, 427 F.3d 567, 576-79 (9th Cir. 2005), upheld the Government's ability to compel a defendant to submit to fingerprinting for purposes of identification at trial. See United States v. Garcia-Beltran, 389 F.3d 864, 866-68 (9th Cir. 2004) (citing United States v. Parga-Rosas, 238 F.3d 1209, 1215 (9th Cir. 2001)). Furthermore, an order requiring Defendant to provide fingerprint exemplars does not infringe on Defendant's Fifth Amendment rights. See Schmerber v. California, 384 U.S. 757, 770-71 (1966) (the Fifth Amendment privilege "offers no protection against compulsion to submit to fingerprinting"); Williams v. Schario, 93 F.3d 527, 529 (8th Cir. 1996) (the taking of fingerprints in the absence of Miranda warnings did not constitute testimonial incrimination as proscribed by the Fifth Amendment).

//

//

//

**IV**

**CONCLUSION**

For the foregoing reasons, the United States requests that the Government's Motions be granted.

DATED: April 25, 2008.

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

/s/ Peter J. Mazza
PETER J. MAZZA
Assistant U.S. Attorney
Peter.Mazza@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>EDUARDO RAMOS-ROMAN,<br>Defendant. | Case No. 08CR0983-JLS<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, PETER J. MAZZA, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of GOVERNMENT'S NOTICE OF MOTIONS AND MOTIONS FOR RECIPROCAL DISCOVERY on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. JOHN FIELDING, ESQ.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 25, 2008.

/s/ Peter J. Mazza
PETER J. MAZZA